# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1715

_____

United States of America,     *
    *
        Appellee,     *
    *     Appeal from the United States
v.     *     District Court for the District
    *     of Nebraska
Richard L. Campbell,     *
    *     [UNPUBLISHED]
        Appellant.     *

_____

Submitted:  October 17, 2000

Filed:  October 31, 2000

_____

Before HANSEN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Richard Campbell was tried before a jury and convicted on ten counts of mail fraud in violation of 18 U.S.C. § 1341.  The district court[1] sentenced him to 78 months imprisonment, 3 years of supervised release, and separate $100 special assessments for each conviction  totaling  $1,000.  Campbell appeals, challenging his conviction and sentence on several grounds.  We affirm.

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

Campbell first contends that the district court erred in denying a motion to suppress evidence seized by postal inspectors following (1) a search of his parents' home, and (2) the interception of mail intended for delivery to Campbell at his parents' home. On appeal from the denial of a motion to suppress, we review the district court's factual findings for clear error and its conclusions of law de novo, and affirm the district court unless it is clear that a mistake was made. See United States v. Wells, 223 F.3d 835, 838 (8th Cir. 2000).

We conclude that the district court properly denied the motion to suppress. Campbell's parents freely and voluntarily consented to the search of their home, and signed a valid waiver allowing the interception of mail intended for delivery at their home. The basement was a common area to which Campbell's parents had joint access and control. See United States v. Baswell, 792 F.2d 755, 758 (8th Cir. 1986) (recognizing that persons having joint access or control have the right to permit a search). Furthermore, Campbell had no reasonable expectation of privacy in the property stored in his parents' basement at the time of the search, since he had not lived there or paid rent for more than fifteen months.

Campbell also challenges several aspects of his sentence, namely, the district court's determination of the amount of loss under United States Sentencing Guideline (U.S.S.G.) § 2F1.1, the district court's application of a three-level enhancement under U.S.S.G. § 3A1.2(a) for a crime involving an official victim, the district's court's application of a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice, the district court's failure to depart downward under either U.S.S.G. § 5K2.0 (outside the heartland) or § 5K2.13 (diminished capacity), and the district court's imposition of a 78-month sentence pursuant to U.S.S.G. § 5G1.2.

We review the district court's factual determinations in support of sentence enhancements for clear error. See United States v. Pereira-Munoz, 59 F.3d 788, 792 (8th Cir. 1995). Campbell's mail fraud scheme was extensive, taking place almost daily

over the course of several years. We conclude that the district court did not err in determining the amount of loss under § 2F1.1, nor in determining that the conviction for Count XI (involving a Movieline bill mailed to a state prosecutor) was a crime involving an official victim under § 3A1.2, nor in determining that Campbell threatened his father to keep him from testifying at trial, justifying a two-level adjustment for obstruction of justice under § 3C1.1.

The record establishes that the district court realized it had discretion to depart downward, but concluded that the facts and circumstances did not warrant a departure. In such a case, we have no authority to review the district court's failure to depart. See United States v. Knight, 58 F.3d 393, 398 (8th Cir. 1996).

Finally, we reject Campbell's claim that his 78-month sentence violates the Eighth Amendment prohibition against cruel and unusual punishment because the sentence exceeds the statutory maximum for one count of mail fraud (five years). A jury convicted Campbell of ten counts of mail fraud, not one, meaning he was subject to a statutory maximum of fifty years. Pursuant to § 5G1.2, the district court properly imposed a sentence of 60 months imprisonment on some counts, followed by a consecutive sentence of 18 months imprisonment upon other counts.

The balance of Campbell's arguments are not of sufficient merit to warrant discussion. See 8th Cir. R. 47B.

We affirm the judgment of conviction and sentence in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.